UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GREG STEVENS                                    CIVIL ACTION NO. 19-0821

                                                SECTION P

VS.

                                                JUDGE TERRY A. DOUGHTY

WILL BARHAM, ET AL.                             MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on May 14, 2019, under 42 U.S.C. § 1983. He names the following defendants: Assistant District Attorney Will Barham and the Fifth Judicial District, District Attorney's Office.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that, on June 1, 2017, Captain Todd Roberts filed a criminal complaint against him.  [doc. # 10, p. 1].  The same day, a trial judge signed a warrant for Plaintiff's arrest.  [doc. #s 10, p. 1; 10-1, p. 8].  At the time, Plaintiff was already incarcerated for a parole violation.  [doc. # 10, pp. 1, 3].  He maintains that, although Captain Todd Roberts knew where he was incarcerated, Roberts did not arrest him for the charges in the June 1, 2017 complaint.[2]
*Id.* at 2.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff raises these and related allegations against Roberts in a separate proceeding, *Greg Stevens v. Todd Roberts*, 3:19-cv-0824 (W.D. La. 2019).  The undersigned will address Plaintiff's allegations against Roberts there.

On June 19, 2017, Roberts filed a criminal complaint against Plaintiff before the Fifth Judicial District, District Attorney's Office. *Id.* at 3. Plaintiff refers to this as "the initiation of prosecution" and claims that, starting June 19, 2017, he lacked appointed counsel for forty-four days. [doc. # 1, p. 3]. He faults Assistant District Attorney Will Barham, claiming that, because he had not been arrested yet, it was Barham's responsibility to bring him before a judge so the judge could appoint counsel. [doc. # 10, p. 4].

On June 20, 2017, Barham filed a bill of information even though, according to Plaintiff, he knew that the alleged victim lied when she stated that Plaintiff "made her call [him] every two hours while [he] was at work" and when she stated that Plaintiff "used her phone to send her boyfriend . . . specific and explicit text messages." *Id.* at 2, 22.

On August 2, 2017, the trial court arraigned Plaintiff and appointed him counsel. *Id.* at 10, 19.

On January 9, 2018, Plaintiff's counsel moved for a preliminary examination. *Id.* at 12. Plaintiff claims that, at a February 22, 2018 hearing on the motion, Barham "produce[d] the absence" of the State's primary witness, Roberts, to prevent the alleged victim from testifying and to secure a continuance. *Id.* at 12-13. Plaintiff claims that Barham's actions constituted "crimen falsi." *Id.* at 13. The trial court continued the hearing. *Id.*

Plaintiff was arrested on February 28, 2018. *Id.* at 15. On April 11, 2018, Barham presented the allegations against Plaintiff to a grand jury. *Id.* at 15. Plaintiff faults Barham for bringing his "case to the grand jury ten months after the initiation of prosecution and eight months after the bill of information was filed . . . ." [doc. # 1, p. 3]. Plaintiff, moreover, faults Barham for presenting the victim's "inconsistent statements and perjured testimony" to the grand jury and for failing to inform the grand jury that the victim had a history of alcohol abuse. [doc.

#'s 1, p. 3; 10, p. 16].

On April 25, 2018, the trial court "dismissed" the preliminary examination. *Id.* at 13.

Plaintiff claims that Barham deprived him of his liberty and caused him humiliation, embarrassment, emotional distress, and emotional suffering. *Id.* at 19. Plaintiff seeks $1,500,000.00, and he asks the Court to dismiss his charges with prejudice. *Id.*

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly,* 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp,* 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Prosecutorial Immunity**

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman*

*v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006).  Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently.  *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Plaintiff references LA. CODE CRIM. PRO. art. 230.1, claiming that Assistant District Attorney Barham failed to bring him before a judge or magistrate to secure appointed counsel within seventy-two hours of the date that he allegedly should have been arrested, June 1, 2017. [doc. # 10, p. 4].  Plaintiff also suggests, alternatively, that Barham should have brought him to court to secure appointed counsel seventy-two hours from June 19, 2017, the date Captain Roberts filed a complaint against Plaintiff before the Fifth Judicial District, District Attorney's Office.  [doc. # 1, p. 3].

While LA. CODE CRIM. PRO. art. 230.1(A) (emphasis added), provides that the "*sheriff or law enforcement officer* having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel," Plaintiff claims that this was Barham's responsibility because Plaintiff had not been arrested yet.  [doc. # 10, p. 4].

Barham is, however, entitled to absolute prosecutorial immunity from this claim.  In *Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989), the court held that even if the prosecutor "had an obligation to obtain or appoint counsel for [the plaintiff, the prosecutor was] entitled to full prosecutorial immunity from damages . . . ."

Barham is also immune from Plaintiff's claim that Barham knowingly filed a bill of information grounded on the lies of the alleged victim.  [See doc. # 10, pp. 2, 22].  As above, the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity.  See *Imbler v.*

6

*Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that a prosecutor was absolutely immune from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Pugh v. Par. of St. Tammany*, 875 F.2d 436, 437 (5th Cir. 1989) (holding, where the plaintiff claimed that "the bill of information . . . was defective," that the district court correctly "concluded that the defendants are entitled to absolute prosecutorial immunity . . . ."); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976).

For the same reasons, Barham is immune from Plaintiff's claim that he presented perjured testimony to the grand jury.  In *Slavin v. Curry,* 574 F.2d 1256, 1265 (5th Cir. 1978), *modified on other grounds*, the court held that a prosecutor "cannot be liable for damages for his presentation of evidence to the grand jury."  In *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985), the court noted that "presentation of evidence to a grand jury in a manner calculated to obtain an indictment, even when maliciously, wantonly or negligently accomplished, is immunized by *Imbler.*"

Barham is likewise immune from Plaintiff's claim that he brought Plaintiff's "case to the grand jury ten months after the initiation of prosecution and eight months after the bill of information was filed . . . ."  [doc. # 1, p. 3].  In *Quinn*, 326 F. App'x at 292, the plaintiff sued "the District Attorney Defendants for waiting fifteen months after he was arrested to seek an indictment."  The court held: "The alleged wrongful act concerns the decision of when and whether to file criminal charges, which clearly falls within the scope of the District Attorney Defendants' prosecutorial duties."  *Id.*

Finally, Plaintiff claims that, on February 22, 2018, at a hearing concerning his motion for a preliminary examination, Barham "produce[d] the absence" of the State's primary witness, Roberts, to prevent the alleged victim from testifying and to secure a continuance.  *Id.* at 12-13.

7

Plaintiff does not specify how Barham prevented Roberts from testifying.  In one respect, Plaintiff mentions "crimen falsi" which, generally, is a "crime in the nature of perjury" or "[a]ny other offense that involves some element of dishonesty or false statement."  BLACK'S LAW DICTIONARY (11th ed. 2019) (defining 'crimen').  In another respect, Plaintiff suggests that Barham suppressed exculpatory testimony, contending that Barham "was afraid the lies the alleged victim had told would be exposed."  [doc. # 10, p. 12].

In either respect, Barham is immune.  See *Imbler*, 424 U.S. at 430-31 (holding that a prosecutor was absolutely immune from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Burns v. Reed*, 500 U.S. 478, 492 (1991) ("[P]retrial court appearances by the prosecutor in support of taking criminal action against a suspect present a substantial likelihood of vexatious litigation that might have an untoward effect on the independence of the prosecutor. Therefore, absolute immunity for this function serves the policy of protecting the judicial process . . . .").

Under Plaintiff's allegations, Barham acted only in the course of his role as an advocate for the State.  Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.[4]

---

[4] Plaintiff alleges that Assistant District Attorney Caroline Hemphill replaced Barham as the prosecuting attorney, and, therefore, he claims that Hemphill "is liable for this injustice." [doc. # 10, p. 8].  Plaintiff also alleges that "District Attorney Mac Lancaster . . . [is] liable himself." *Id.* at 9.  Plaintiff does not, however, name Hemphill or Lancaster as defendants.  The undersigned instructed Plaintiff to provide the name of each person who allegedly violated his constitutional rights, [doc. # 7, p. 2], and Plaintiff responded, "Assistant District Attorney Will Barham and the 5th J.D.C. District Attorney's Office." [doc. # 10, p. 1].  To the extent Plaintiff does seek relief from these individuals, the Court should deny Plaintiff's claims: Hemphill and Lancaster are immune for the same reasons Defendant Barham is immune.

### 3. Habeas Corpus

Plaintiff asks the Court to dismiss his charges with prejudice. Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[5]  Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241).  Accordingly, the Court should deny Plaintiff's request.

The undersigned cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court.  See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[6]  Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*,

---

[5] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

[6] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that

401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal

prosecution.[7] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20,

2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus

relief under 28 U.S.C. § 2241).

**4. District Attorney's Office**

Plaintiff seeks relief from the District Attorney's Office.  This entity, however, is not a

"person" capable of being sued under Section 1983.  *Delta Fuel Co., Inc. v. Maxwell*, 2011 WL

5159703, aff'd, 485 Fed. Appx. 685, 686 (5th Cir. 2012).  Louisiana law does not permit a

district attorney's office to be sued in its own name.  Rather, the current[8] district attorney, in his

or her official capacity, is the proper party.  *Hudson v. City of New Orleans*, 174 F.3d 677, 680

(5th Cir. 1999).  Accordingly, the Court should dismiss Plaintiff's claim against the District

Attorney's Office.[9]

---

jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the
state court or by other state procedures available to the petitioner.").

[7] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise
jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial
proceeding; (2) the state has an important interest in regulating the subject matter of the claim;
and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional
challenges."  *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and
quoted sources omitted).

[8] See *Thompson v. Connick*, 553 F.3d 836, 869, n.27 (5th Cir. 2008) (noting that a plaintiff
should name the *current* district attorney), on reh'g en banc, 578 F.3d 293 (5th Cir. 2009), rev'd
on other grounds, 563 U.S. 51 (2011).

[9] Even assuming Plaintiff sought relief from the current district attorney in his official capacity,
Plaintiff would not state a plausible claim.  "For purposes of 'official capacity' suits under §
1983, the district attorney's office resembles other local government entities."  *Burge v. Par. of
St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999).  In that respect, "municipalities cannot be held
liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be
held liable 'when execution of a government's policy or custom, whether made by its lawmakers
or by those whose edicts or acts may fairly be said to represent official policy, inflicts the

**<u>Recommendation</u>**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims against the Fifth Judicial District, District Attorney's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Assistant District Attorney Will Barham be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief against a defendant immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to dismiss his charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

injury.'" *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (internal citation omitted)).

Here, Plaintiff's claim against the District Attorney's Office appears entirely premised on vicarious liability. [See doc. # 10, p. 9]. Moreover, Plaintiff does not allege: that this is the rare circumstance in which a final policymaker performed the specific act that violated his constitutional rights; that the presence (or absence) of a policy, pattern, practice, custom, or procedure violated, or caused a violation of, his constitutional rights; or that the need to take action to control the agents of the local governmental entity is so obvious that the final policymaker can reasonably be said to have been deliberately indifferent. See *Burge*, 187 F.3d at 471; see also *Howell v. Town of Ball*, 827 F.3d 515, 527 (5th Cir. 2016).

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the period authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 17th day of September, 2019.


Karen L. Hayes
United States Magistrate Judge